IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

DANIEL A. SCHILLINGER,

                              Plaintiff,                    OPINION AND ORDER

        v.
                                                            20-cv-679-wmc

C.O. KILEY, C.O. STARKEY, and
SGT. MATTI,

                              Respondents.

        This is a proposed civil rights action brought pursuant to 42 U.S.C. § 1983.  *Pro se*

plaintiff Daniel Schillinger, who currently is incarcerated at Racine Correctional Institution,

claims that on September 17, 2015, correctional officers Josh Kiley and Randy Starkey and a

sergeant, Richard Matti, failed to protect Schillinger from an assault by another inmate, James

Terry, while Schillinger was incarcerated at the Wisconsin Secure Program Facility ("WSPF").

(Compl. (dkt. #1).)  Schillinger's complaint is before the court for screening as required by 28

U.S.C. §§ 1915(e)(2) and 1915A.  As explained below, although the complaint appears

frivolous, Schillinger will be granted a brief window of time to show cause why his complaint

should not be dismissed for his failure to exhaust his administrative remedies.


                                          OPINION

        This is the second time Schillinger has filed a civil rights complaint against these

defendants for their alleged failure to protect him from Terry's September 17, 2015, attack.

In July 2016, Schillinger filed a civil rights complaint containing the same allegations against

the same defendants.  *Schillinger v. Kiley et. al*, 16-cv-529-wmc.  On April 26, 2018, this court

entered an order dismissing the case without prejudice, finding that the only inmate complaint

that Schillinger had filed "about the September 17, 2015, incident lacked *any* allegation that

the named defendants knew in advance that he might be subject to an inmate attack and failed to stop it from happening." (4/26/18 Op. and Ord. (dkt. #53) 4.) Accordingly, because Schillinger's grievance failed to provide adequate notice of the failure-to-protect claim, the complaint had to be dismissed for Schillinger's failure to exhaust his administrative remedies. *Id*. On April 6, 2020, the Court of Appeals for the Seventh Circuit upheld this determination on appeal. (Dkt. #87-1.)

In the present complaint, Schillinger does not mention the court's previous ruling, nor does he state that he has since exhausted his claim. Indeed, since the time for doing so administratively appears to have elapsed by the time the Seventh Circuit affirmed the dismissal of Schillinger's complaint, he appears unable to exhaust timely. The court recognizes that failure to exhaust administrative remedies is an affirmative defense not normally raised at the screening stage, but "when the existence of a valid affirmative defense is so plain from the face of the complaint that the suit can be regarded as frivolous, the district judge need not wait for an answer before dismissing the suit." *Walker v. Thompson*, 288 F.3d 1005, 1009 (7th Cir. 2002). Here, the fact that Schillinger is attempting to re-raise claims dismissed long ago for failure to exhaust strongly suggests that his claim is frivolous, making it appropriate to address the exhaustion issue now. *Accord Hopkins v. Wisconsin*, Case No. 18-cv-66-wmc, 2018 WL 6173540, *2 (W.D. Wis. Nov. 26, 2018) (denying leave to proceed and dismissing case for failure to exhaust where plaintiff was attempting to bring same lawsuit that had been twice dismissed for failure to exhaust and he did "not indicate that he has since corrected that deficiency.").

Although unlikely, the possibility remains that Schillinger was somehow able to revive his case administratively and to properly exhaust it. Accordingly, rather than dismiss the case

at this juncture, the court will allow Schillinger a brief window of time, until June 30, 2021, in which to submit a sworn declaration or documentation showing that he timely filed an administrative grievance concerning the September 17, 2015 incident and fully exhausted his administrative remedies with respect to that grievance.  If Schillinger fails to provide this information, then his complaint will be dismissed for failure to exhaust administrative remedies.

ORDER

IT IS ORDERED that:

1.      Daniel Schillinger has until **June 30, 2021**, in which to submit a sworn declaration or documentation showing that he:  (1) timely filed an administrative grievance concerning the September 17, 2015 incident that is the basis for his claims in this lawsuit; and (2) fully exhausted his administrative remedies with respect to that grievance.

2.      If Schillinger cannot make this showing, then his complaint will be dismissed for failure to exhaust his administrative remedies.

3.      The court is taking no action on plaintiff's motion to appoint counsel (Compl. (dkt. #1) 2) at this time.

Entered this 9th day of June, 2021.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge