IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

DANIEL A. SCHILLINGER,

                Plaintiff,                OPINION AND ORDER

v.

                                        20-cv-679-wmc

C.O. KILEY, C.O. STARKEY, and
SGT. MATTI,

                Respondents.

This is a proposed civil rights action brought pursuant to 42 U.S.C. § 1983. *Pro se* plaintiff Daniel Schillinger, who currently is incarcerated at Racine Correctional Institution, claims that on September 17, 2015, correctional officers Josh Kiley and Randy Starkey and a sergeant, Richard Matti, failed to protect Schillinger from an assault by another inmate, James Terry, while Schillinger was incarcerated at the Wisconsin Secure Program Facility ("WSPF"). (Compl. (dkt. #1).) On June 9, 2021, this court issued an order finding that Schillinger's complaint appeared to be frivolous because it repeated claims that Schillinger had pursued in 2016 that had been dismissed for failure to exhaust. 6/9/21 Op. and Ord. (dkt. #18); *see also Schillinger v. Kiley et. al*, 16-cv-529-wmc. Therefore, the court directed Schillinger to submit a sworn declaration or documentation showing that he timely filed an administrative grievance concerning the September 17, 2015 incident complained of in this lawsuit and that he fully exhausted his administrative remedies with respect to that grievance. *Id*.

Schillinger has responded to the court's order, but his submission fails to show that he exhausted his failure-to-protect claim against these defendants. Instead, Schillinger merely re-submits the same offender complaint that he filed after the attack (WSPF-2015-

18033), *see* dkt. #19, and that was found *not* to provide adequate notice of the failure-to-protect claim that he seeks to bring against defendants Kiley, Starkey and Matti. *See* 4/26/18 Op. and Ord., Case No. 16-cv-529 (dkt. #53) at 4 (finding that Schillinger's grievance "did not notify WSPF that any WSPF staff had reason to know about the threat of an attack on Schillinger *before the attack occurred* and failed to prevent that attack")(emphasis in original); *Schillinger v. Kiley*, 954 F.3d 990, 996 (7th Cir. 2020) ("Schillinger's offender complaint did not provide adequate notice of the failure-to-protect claim at issue here."). Accordingly, the claims asserted in this lawsuit remain unexhausted, just as they were when this court initially considered the question in April 2018.

Under 42 U.S.C. § 1997e(a), "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." The exhaustion requirement is mandatory, *Woodford v. Ngo*, 548 U.S. 81, 85 (2006), and failure to exhaust requires dismissal of a prisoner's case. *Perez v. Wisconsin Dept. of Corr.*, 182 F.3d 532, 535 (7th Cir. 1999). Accordingly, Schillinger's complaint will be dismissed without prejudice. *See Ford v. Johnson*, 362 F.3d 395, 401 (7th Cir. 2004) (instructing that all dismissals for failure-to-exhaust should be dismissals without prejudice). It follows that the court will also dismiss his motion to appoint counsel.

Finally, the court notes that, although it is dismissing the complaint without prejudice, the dismissal is effectively *with* prejudice insofar as it appears far too late for Schillinger to exhaust his failure-to-protect claim concerning the incident on September 17, 2015. Indeed, unless and until the prison permits him to file an untimely grievance or

2

to otherwise resurrect his administrative remedies with respect to this claim, Schillinger would be wise *not* to file yet another civil complaint containing these allegations. **Should Schillinger persist in filing yet another civil complaint containing these same, dismissed claims without a good faith basis for believing he can satisfy the exhaustion requirement**, any further filing will be deemed frivolous or malicious and count as a strike under 28 U.S.C. § 1915(g).

ORDER

IT IS ORDERED that plaintiff James Schillinger's complaint is DISMISSED WITHOUT PREJUDICE for his failure to exhaust his administrative remedies. His motion to appoint counsel is DENIED as moot.

Entered this 27th day of July, 2021.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge