IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

DANIEL A. SCHILLINGER,

                Plaintiff,                ORDER

    v.

                                              20-cv-679-wmc

C.O. KILEY, C.O. STARKEY, and
SGT. MATTI,

                Defendants.

*Pro se* plaintiff Daniel Schillinger filed this civil lawsuit pursuant to 42 U.S.C. § 1983, seeking to proceed against defendants Josh Kiley and Randy Starkey and a sergeant, Richard Matti, for allegedly failing to protect Schillinger from an assault by another inmate, James Terry, while Schillinger was incarcerated at the Wisconsin Secure Program Facility ("WSPF"). However, Schillinger brought these same claims in a prior lawsuit, *Schillinger v. Kiley et al.*, 16-cv-529-wmc ("the '529 case"), which this court dismissed without prejudice for his failure to exhaust administrative remedies. Moreover, the Court of Appeals for the Seventh Circuit affirmed that decision. *See Schillinger v. Kiley*, 954 F.3d 990 (7th Cir. 2020).

In *this* case, therefore, the court directed Schillinger to show cause as to why his lawsuit should not be dismissed for that same reason. When Schillinger's response failed to indicate that he subsequently exhausted these claims, the court was forced to dismiss his lawsuit, again without prejudice. (Dkt. #20.) Inexplicably, Schillinger has now filed a notice of appeal from that decision, seeking leave to proceed *in forma pauperis*. (Dkt. #31.) For obvious reasons, the court must deny him leave because Schillinger's appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3).

To find that an appeal is taken in good faith, a court need only find that a reasonable person could suppose the appeal has some merit. *Walker v. O'Brien*, 216 F.3d 626, 631-32 (7th Cir. 2000). However, the court cannot certify that Schillinger's appeal is taken in good faith. Indeed, as explained, the Seventh Circuit already agreed that Schillinger failed to exhaust his administrative remedies in the '529 case, and Schillinger made *no* showing that the circumstances in this lawsuit are any different. Accordingly, no reasonable person could conclude that his appeal has even some arguable merit.

Because the court certifies that Schillinger's appeal was not taken in good faith, he cannot proceed with his appeal without prepaying the $505 filing fee unless the court of appeals gives him permission to do so. Under Federal Rule of Appellate Procedure 24, Schillinger has 30 days from the date of this order in which to move the court of appeals to review this denial. With his motion, he must include an affidavit as described in the first paragraph of Rule 24(a), with (1) a statement of issues he intends to argue on appeal and (2) a copy of this order.

If Schillinger does not file a motion requesting review of this order, the court of appeals might not address the denial of leave to proceed *in forma pauperis* on appeal. Instead, it may require him to pay the entire $505 filing fee before it considers his appeal. If Schillinger does not pay the fee within the deadline set by that court, it is also possible that his appeal will be dismissed outright.

ORDER

IT IS ORDERED that plaintiff Daniel Schillinger's request for leave to proceed *in forma pauperis* on appeal is DENIED because the court certifies that his appeal is not taken in good faith. If Schillinger wishes to appeal this decision, he must follow the procedure set out in Federal Rule of Appellate Procedure 24(a)(5). The clerk of court is requested to ensure that Schillinger's obligation to pay the $505 filing fee for the appeal is reflected in this court's financial records.

Entered this 7th day of September, 2021.

BY THE COURT:

/s/

_____

WILLIAM M. CONLEY
District Judge